## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN HOOG, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-CV-463-JHP |
| PETROQUEST ENERGY, LLC.; and WSGP GAS PRODUCING, LLC (including affiliated predecessors and affiliated successors), | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ANSWER TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT</u>

Defendant, WSGP Gas Producing, LLC (hereinafter "WSGP") for its Answer to the Original Class Action Complaint (hereinafter "Plaintiff's Complaint") filed by Plaintiff Kevin Hoog (hereinafter "Plaintiff"), denies generally and specifically each and every material allegation therein unless expressly admitted hereinafter:

1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint constitute a conclusory description of Plaintiff's claims to which no response is required.  However, to the extent the Court deems a response necessary, WSGP denies the allegations of Paragraph 1 of Plaintiff's Complaint.

2.     With respect to the allegations in Paragraph 2 of Plaintiff's Complaint, WSGP admits that the Plaintiff's Complaint, on its face, demonstrates an amount in controversy that exceeds $5,000,000 exclusive of interests and costs.  WSGP admits that

Plaintiff and Defendants are citizens of different states.   WSGP denies the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3.      WSGP admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      WSGP admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      With respect to the allegations in Paragraph 7 of Plaintiff's Complaint, WSGP admits that it is in the business of producing and marketing gas and constituent products from wells located within the State of Oklahoma.   WSGP denies the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8.      WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required.   However, to the extent the Court deems a response necessary, WSGP denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.     WSGP denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Regarding the allegations of Paragraph 11 of Plaintiff's Complaint, WSGP denies that this action can properly proceed as a class action and further denies that the putative class members are and ascertainable.   WSGP denies the remaining allegations of Paragraph 11 of Plaintiff's Complaint.

12. WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of Plaintiff's Complaint.

13. WSGP denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. WSGP denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. WSGP denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. WSGP denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. WSGP denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. WSGP denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Regarding the allegations of Paragraph 19 of Plaintiff's Complaint, WSGP denies that this action can properly proceed as a class action. WSGP denies the remaining allegations of Paragraph 19 of Plaintiff's Complaint.

20. Regarding the allegations of Paragraph 20 of Plaintiff's Complaint, WSGP denies that this action can properly proceed as a class action. WSGP denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint.

21. Regarding the allegations of Paragraph 21 of Plaintiff's Complaint, WSGP is without sufficient knowledge or information to admit or deny Plaintiff's mineral ownership. WSGP denies the remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22. Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. However, to the extent the Court deems a response necessary WSGP denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which now response is required.  However, to the extent the Court deems a response necessary WSGP denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Paragraph 24 of Plaintiff's Complaint states a legal conclusion to which now response is required.  However, to the extent the Court deems a response necessary WSGP denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which now response is required.  However, to the extent the Court deems a response necessary WSGP denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Regarding the allegations in Paragraph 26 of Plaintiff's Complaint, WSGP admits that an oil and gas lease gives the lessee the right to extract the minerals from the lessor's land.  WSGP denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.     WSGP denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     WSGP denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     WSGP denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Regarding the allegations in Paragraph 30 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Regarding the allegations in Paragraph 31 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Regarding the allegations in Paragraph 32 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Regarding the allegations in Paragraph 33 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Regarding the allegations in Paragraph 34 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP admits that it does not deduct from royalty any of the costs before the gathering line inlet.  WSGP is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35.    Regarding the allegations in Paragraph 35 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 of Plaintiff's Complaint.

36.    Regarding the allegations in Paragraph 36 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of Plaintiff's Complaint.

37.    Regarding the allegations in Paragraph 37 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    Regarding the allegations in Paragraph 38 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38 of Plaintiff's Complaint.

39.    Regarding the allegations in Paragraph 39 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may

not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39 of Plaintiff's Complaint.

40.    Regarding the allegations in Paragraph 40 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40 of Plaintiff's Complaint.

41.    Regarding the allegations in Paragraph 41 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 of Plaintiff's Complaint.

42.    Regarding the allegations in Paragraph 42 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42 of Plaintiff's Complaint.

43.    Regarding the allegations in Paragraph 43 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately

describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Regarding the allegations in Paragraph 44 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Regarding the allegations in Paragraph 45 of Plaintiff's Complaint, the purported factual scenario described is over-generalized, does not fit all situations, may not reflect facts that are applicable to all putative class members, and may not accurately describe Plaintiff's situation.  WSGP is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     WSGP denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     WSGP denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     WSGP denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     WSGP denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     WSGP denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     WSGP denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     WSGP denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     WSGP denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     WSGP denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     WSGP denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     WSGP denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     WSGP denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     WSGP denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     WSGP denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     WSGP denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Paragraph 61 of Plaintiff's Complaint states no allegations to which a response is required.  However, to the extent the Court deems a response necessary, WSGP incorporates by this reference its responses to the allegations in all other paragraphs of the Complaint.

62.     WSGP denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     WSGP denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     WSGP denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     WSGP denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Paragraph 66 of Plaintiff's Complaint states no allegations to which a response is required.  However, to the extent the Court deems a response necessary, WSGP incorporates by this reference its responses to the allegations in all other paragraphs of the Complaint.

67.     WSGP without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     WSGP denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     WSGP denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     WSGP denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.    WSGP denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.    WSGP denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.    Paragraph 73 of Plaintiff's Complaint states no allegations to which a response is required.   However, to the extent the Court deems a response necessary, WSGP incorporates by this reference its responses to the allegations in all other paragraphs of the Complaint.

74.    WSGP denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.    WSGP denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76.    WSGP denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.    WSGP denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.    WSGP denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.    WSGP denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80.    WSGP denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.    WSGP denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.    WSGP denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.    WSGP denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84.    WSGP denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85.    WSGP denies the allegations in Paragraph 85 of Plaintiff's Complaint.

Regarding the Prayer for Relief in Plaintiff's Complaint, WSGP denies that Plaintiff is entitled to any form of relief.

## **AFFIRMATIVE DEFENSES**

86.    The Complaint fails to state a claim upon which relief can be granted.

10

87.     The Complaint fails to allege fraud with particularity.

88.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

89.     Plaintiff's claims are barred in whole or in part by settlement, payment, release, and accord and satisfaction.

90.     Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

91.     Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

92.     WSGP conducted its activities at all times in accordance with the lease and any other applicable agreements and amendments, applicable laws, industry standards, practices, customs and usage.

93.     WSGP has properly accounted to its royalty payees and properly paid royalties on all products upon which it is obligated to do so under Oklahoma law.

94.     WSGP has fulfilled any and all obligations and duties, both legal and equitable, owed to Plaintiff.

95.     WSGP has acted in compliance with applicable state and federal laws, rules and regulations.

96.     Plaintiff is not entitled to interest.

97.     Plaintiff is not entitled to an accounting.

98.     WSGP is not liable to Plaintiff or any class member for the acts of third parties.

99.    Plaintiff's proposed class fails to satisfy the requirements of Fed. R. Civ. P. 23.

100.    Plaintiff's alleged claims arise under a statute and Plaintiff is therefore not entitled to exemplary or punitive damages.

101.    Plaintiff is not entitled to the remedy of disgorgement.

102.    Plaintiff is not entitled to injunctive relief.

103.    The imposition of exemplary or punitive damages in this case would violate WSGP's due process rights secured by the United States Constitution, the Oklahoma Constitution and the constitutions of other States whose interests are implicated by Plaintiff's allegations.

104.    The punitive damages sought by Plaintiff are limited by constitutional due process, which requires that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that can be imposed.

105.    WSGP affirmatively pleads that any award of punitive or exemplary damages violates the Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to the due process clause of the Oklahoma Constitution, because:

> (a)    WSGP is without effective and adequate procedural protections against arbitrary or erroneous awards of such damages; (b) WSGP is being denied the requirement of adequate notice of the type of conduct or elements of the

offense that could warrant such an award or the amount of such damages that could be awarded;

(c)     such an award does not bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

(d)     such an award would impermissibly discriminate against corporate defendants, including WSGP, that are organized under the laws of other states and that maintain their principal places of business in other states;

(e)     evidence of WSGP's net worth would invite the jury to award an arbitrary amount of punitive damages based on WSGP's status as an industrial enterprise; and

(f)     WSGP's conduct that is alleged to warrant punitive or exemplary damages is unrelated to Plaintiff's harm and, therefore, such damages are unlawfully intended to punish and deter WSGP.

106.    WSGP affirmatively pleads that Plaintiff's claim for punitive damages is barred by the Due Process Clause and the Commerce Clause of the United States Constitution and by principles of federalism embodied in the United States Constitution, to the extent that any claim is based on conduct by WSGP that occurred outside the State of Oklahoma.

107.    Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436, 121 S. Ct. 1678,  1685-1686 (2001).

108.    Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the constitutional factors that govern the permissible ratio of punitive damages to compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436,  121 S. Ct. 1678, 1685-1686 (2001).

109.    Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the comparable civil fine that could be imposed on WSGP for the conduct in question.  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 123 S. Ct. 1513, 1531 (2003) (holding that civil fines are more appropriate benchmarks for punitive damages than criminal penalties); *BMW of N Am., Inc. v. Gore*, 517 U.S. 559, 583, 116 S. Ct. 1589, 1603 (1996)  (holding that courts "should accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue."); (O'Connor, J., concurring in part and dissenting in part) (*quoting Browning-Ferris Industries of Vt., Inc. v. Kelso Disposal, Inc.,*  492 U.S. 257, 301, 109 S. Ct. 2909, 2934 (1989)); *Clark v. Chrysler Corp*., 436 F. 3d 594,  607 (6th Cir. 2006) (rejecting potential for punitive damages award as a basis for comparison in favor of potential civil penalties under applicable federal statute). Such specific jury instructions and specific findings of fact on the comparable civil penalties are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

110.    Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive

damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the direct relationship between WSGP's conduct and the specific injury suffered by Plaintiff. *Phillip Morris USA v. Williams*, 549 U.S. 346, 355, 127 S. Ct. 1057, 1064 (2007) (holding that "the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, i.e., seeking, not simply to determine reprehensibility, but also to punish for harm caused strangers"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.  408, 423, 123 S. Ct. 1513, 1523 (2003) (holding that "[D]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under guise of the reprehensibility analysis."). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001), to ensure that the award is based solely on the conduct that caused specific injury to the plaintiff[s].

111.    Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the exclusion of all items of compensatory damage from the quantum of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426, 123 S. Ct. 1513, 1525 (2003) (noting that "[t]he compensatory damages for the injury

suffered here . . . likely were based on a component that was duplicated in the punitive award").  Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*,  532 U.S. 424 (2001), to ensure that items of compensatory damages are not impermissibly 'double-counted' in the quantum of punitive damages.

112.   Plaintiff's claims for punitive and disgorgement damages are barred by the Energy Litigation Reform Act, 52 O.S. §§ 901, *et. seq.*

113.   The Production Revenue Standards Act, 52 O.S. §§ 570.1 *et. seq.* provides the exclusive remedy for Plaintiff's claims in this litigation.

WSGP reserves the right to amend to plead additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, WSGP prays that judgment be entered in its favor on Plaintiff's claims and that WSGP be awarded its costs, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated this 26th day of December, 2016.

Respectfully submitted,


/S  JOHN J. GRIFFIN, JR.
JOHN J. GRIFFIN, JR., OBA #3613
L. MARK WALKER, OBA #10508
CHARLES V. KNUTTER, OBA #32035
CROWE & DUNLEVY
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)

**_ATTORNEYS FOR DEFENDANT_**
**_WSGP GAS PRODUCING, LLC_**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmitted a Notice of Electronic Filing to the following ECF registrants:

Reagan E. Bradford
W. Mark Lanier
The Lanier Law Firm
*Houston Office:*
6810 FM 160 West
Houston, Texas 77069
*Oklahoma Office:*
12 E. California Ave., Suite 200
Oklahoma City, OK 73104
reagan.bradford@lanierlawfirm.com
WML@LanierLawFirm.com

Rex A. Sharp
Rex. A. Sharp, P.A.
5301 W. 75th Street
Prairie Village, KS 66208
Rsharp@midwest-law.com

**ATTORNEYS FOR PLAINTIFFS**

Mark D. Christiansen
Robert C. Stell
Andrew J. Morris
McAfee & Taft, A Professional Corporation
Two Leadership Square, 10th Floor
211 N. Robinson Avenue
Oklahoma City, OK 73102
mark.christiansen@mcafeetaft.com
robert.stell@mcafeetaft.com
andrew.morris@mcafeetaft.com

**ATTORNEY FOR PETROQUEST ENERGY, L.L.C.**

/s/ John J. Griffin, Jr.