IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN HOOG, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-463-RAW |
| PETROQUEST ENERGY, L.L.C.; WSGP GAS PRODUCING, L.L.C.; and TRINITY OPERATING (USG), L.L.C. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## O R D E R

This matter comes before the Court on Plaintiff's Second Motion to Compel Against WSGP and Trinity (Docket Entry #206). This Motion was referred to the undersigned for final determination by presiding United States District Judge Ronald A. White.[1]

Plaintiff Kevin Hoog ("Plaintiff") served Defendants Trinity Operating (USG) ("Trinity") and WSGP Gas Producing, LLC ("WSGP") (collectively referred to as "Defendants"), with discovery requests on December 31, 2020, after Judge White lifted a stay in the case entered after the declaration of bankruptcy by PetroQuest

---

[1] This Court notes that although this is the second motion to compel filed by Plaintiff in this matter, Plaintiff's first motions to compel (Docket Entry #108 & #109) were deemed withdrawn at Plaintiff's request. *See* Docket Entry #130 & #133. The motion currently before the Court is the first motion to compel filed pertaining to Plaintiff's Third Set of Discovery Requests to Defendants Trinity Operating (USG), LLC and WSGP Gas Producing, LLC.

Energy, LLC ("PetroQuest"). Trinity and WSGP responded to the requests on February 2, 2021. The parties conferred regarding Trinity and WSGP's responses on February 5, 2021. Plaintiff followed up the conference with a March 2021 letter and again allegedly mentioned Defendants' supplementing their discovery responses and initial disclosures in an April 2021 call between counsel. Plaintiff contends that as of the filing of this motion, he has not received "(1) any initial disclosures from Trinity; (2) supplemental initial disclosures from WSGP to correct admitted inaccuracies; or (3) supplemental responses regarding deficiencies Plaintiff highlighted in Trinity and WSGP's responses to Plaintiff's Third Set of Discovery Requests." *See* <u>Plaintiff's Second Motion to Compel Against WSGP & Trinity</u>, p.2 (Docket Entry #206).

The pertinent discovery issues raised by Plaintiff and responded to by Defendants are addressed below by category and/or request. Each category and/or request is followed by this Court's determination of whether the request shall be supplemented by the Defendants.

Discovery Issues

A.   Defendants' Initial Disclosures

Plaintiff contends that Defendants have failed to provide and/or supplement their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) & (e). Specifically, Plaintiff asserts that after

2

several requests to Defendants, he never received (1) any initial disclosures from Trinity, and (2) supplemental disclosures from WSGP, even though its initial disclosures were inaccurate.

Defendants argue their failure to serve initial disclosures or supplemental disclosures was an oversight. They assert Plaintiff's motion to compel as to their initial disclosures is moot because Trinity served Plaintiff with its initial disclosures on May 14, 2021, and WSGP served its amended initial disclosures on Plaintiff on that same date.

While this Court agrees Plaintiff's motion to compel is now moot as to Defendants' initial disclosures, it is necessary to highlight that Plaintiff brought these issues to Defendants' attention on more than one occasion. It was not until after Plaintiff filed his motion to compel that Defendants complied with Fed. R. Civ. P. 26(a)(1) & (e). Thus, this Court agrees with Plaintiff that Defendants' failure to provide their disclosures was not an oversight. The Court is not inclined, however, to award the payment of fees by Defendants under Fed. R. Civ. P. 37(a)(5). In the future, Defendants should supplement their initial disclosures in a timely manner if they become aware that a disclosure is incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A).

B.   Plaintiff's Third Set of Discovery Requests

   1.   Interrogatories

   Interrogatory No. 2: Identify each Oklahoma oil and gas
   lease in which WSGP owns or previously owned an interest
   as lessee or a working interest. This interrogatory does
   not seek identification of Oklahoma oil and gas leases
   that haven't produced oil and gas or for which royalties
   haven't been paid. This interrogatory is further limited
   to oil and gas leases associated with Oklahoma Wells.

   Interrogatory No. 3:  Identify each Oklahoma oil and gas
   lease in which Trinity owns or previously owned an
   interest  as  lessee  or  a  working  interest.  This
   interrogatory does not seek identification of Oklahoma
   oil and gas leases that haven't produced oil and gas or
   for  which  royalties  haven't  been  paid.  This
   interrogatory is further limited to oil and gas leases
   associated with Oklahoma Wells.

   Plaintiff argues that when responding to Interrogatory Nos.

2 & 3, Defendants relied upon Fed. R. Civ. P. 33(d) and referred

to  oil  and  gas  leases  previously  produced  in  response  to

Plaintiff's  requests  for  production.  His  argument  focuses  on

Defendants'  failure  to  properly  identify  the  records  responsive  to

the  requests,  so  Plaintiff  can  locate  them  in  the  produced

documents.  Plaintiff  maintains  Defendants  did  not  specifically

identify  any  oil  and  gas  leases  or  wells,  but  they  merely  referred

to  "voluminous  document  productions,"  without  any  identifying

information.

   Defendants  respond  that  Rule  33(d)  allows  them  to  refer  to

documents without providing a written answer to an interrogatory.

They  assert  that  the  interrogatory  responses  referred  to  leases

4

that they previously produced and therefore complied with Rule 33(d).

Fed. R. Civ. P. 33(d) provides, in part, that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . ., and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, *in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could[.]" (emphasis added). While Defendants may specify documents instead of providing a narrative response to an interrogatory, they must still identify the responsive documents in a manner whereby Plaintiff can locate the responsive information, especially when the number of documents produced is extensive. Here, WSGP merely refers to documents produced in response to Plaintiff's document requests. This answer does not adequately identify the responsive documents for Plaintiff. In the supplemental responses, the documents must be identified with more specificity by Defendants, be it by bates stamp number or some other sort of identification.

Moreover, Trinity appears to go back and forth in the briefing regarding whether it is a party to any producing Oklahoma oil and gas leases. Trinity should specifically clarify in its

supplemental response to Interrogatory No. 3 whether it is a lessee or working interest owner for any of the oil-and-gas leases relevant to the case. To the extent Trinity has produced oil and gas leases responsive to Plaintiff's request, it should specifically identify the responsive records for Plaintiff.

> Interrogatory No. 4:  For each oil and gas lease identified in response to Interrogatory Nos. 2 and 3, identify the Oklahoma Wells to which each oil and gas lease applies.

> Interrogatory No. 5:  Identify all Oklahoma Wells for which Trinity is or was the operator.

Regarding Defendants' answers to Interrogatory Nos. 4 & 5, Plaintiff contends Defendants referred to their answers to Interrogatory Nos. 2 & 3, which this Court already determined were not specific enough under Fed. R. Civ. P. 33(d), and they referred generally to records publicly available through the OCC's Well Data System.

Although Defendants argue that Interrogatory Nos. 4 & 5 are overly broad and they question the relevance of the information sought for purposes of class certification, Defendants offer to resolve the dispute by "produc[ing] a list of all wells that it understands to be potentially in the scope of this case that identifies the oil and gas leases that WSGP acquired relating to

those wells." Defendants' Response to Plaintiff's Motion to Compel, pp. 6-7 (Docket Entry #209).

Defendants must identify responsive information with enough specificity that Plaintiff can locate the information in the produced records. This should include specificity when identifying information that is publicly available. Moreover, Defendants shall supplement their answers and produce to Plaintiff the list referenced in their response.

Interrogatory No. 8:   Identify all gas contracts, including gas marketing or service contracts, which apply or applied to the Oklahoma Wells from January 1, 2010, to the present. This interrogatory includes identification of contracts governing the sale or transfer of residue gas, including to any affiliates of Trinity or WSGP.

Interrogatory No. 9:   Identify the Oklahoma Wells to which each gas marketing or service contract identified in response to Interrogatory No. 8 applies.

Plaintiff asserts that Interrogatory Nos. 8 & 9 should include responsive information from Defendants from January 1, 2010 to the present because WSGP became a lessee to class members beginning in at least 2010 and entered into additional agreements with PetroQuest in 2015, wherein WSGP purchased and operated wells through the creation of Trinity. Plaintiff maintains that the deposition testimony of a Trinity representative supports his argument that Defendants failed to identify all responsive contracts in response to Interrogatory No. 8, and Defendants have

7

the capability to provide contract-to-well information to respond to Interrogatory No. 9. He contends that just because Defendants disagree about the relevant time period, this does not preclude discovery under Fed. R. Civ. P. 26(b)(1) for that period.

Defendants argue that the interrogatories are not only overbroad but also seek information that is irrelevant to the case. They contend Interrogatory Nos. 8 & 9 should be limited for the time period of November of 2016 to the present. Defendants disagree with Plaintiff that WSGP's liability stretches back to 2010 because WSGP was a non-operating working interest owner at the time and Trinity was not even formed until June of 2016. Defendants further note that of the agreements identified by Trinity, many of them predate November of 2016. Regarding Interrogatory No. 9 specifically, Defendants contend that Plaintiff should seek the information from other entities.

Because WSGP was a lessee in 2010, Defendants should respond to Interrogatory Nos. 8 & 9 for the time period from January 1, 2010 to the present. Although the Court is mindful of the liability issue related to the time period, this is an issue for a later determination and not for a determination during the discovery phase of the case. Moreover, if Trinity possesses information responsive to Interrogatory No. 9, it should produce it to Plaintiff. If it does not possess any information, it should affirmatively state that it does not have the information.

8

Interrogatory No. 17: Identify each agreement among or
between Trinity, WSGP, or PetroQuest Energy, L.L.C.,
including purchase and sale agreements, joint
development agreements, or contract services agreements,
or regarding the operation of, marketing of production
from, or payment of royalty on production from Oklahoma
Wells.

Plaintiff contends that WSGP and Trinity have not fully
responded to Interrogatory No. 17. Regarding WSGP, Plaintiff
asserts that it did not identify contracts with PetroQuest and
that he only learned of the contracts based upon a deposition in
another case. Plaintiff also learned of a purchase and sale
agreement from 2015 between WSGP and PetroQuest, which was not
identified by Defendants. Regarding Trinity, Plaintiff notes
Defendants' response that Trinity was not a party to any purchase
and sale or joint operating agreements with PetroQuest, noting
that Trinity failed to respond fully to the interrogatory, which
also referenced contract services agreements and agreements
between Trinity and WSGP. Plaintiff also asserts that to the extent
Defendants point to records already produced by PetroQuest, it
cannot challenge the authenticity of those documents.

Defendants argue Interrogatory No. 17 fails to specify the
information requested, as it is an omnibus discovery request
seeking any and all agreements between Trinity, WSGP, and
PetroQuest. They contend that they have provided complete
responses to Plaintiff and are not required to copy information
from documents into their interrogatory response.

9

Defendants should fully respond to Interrogatory No. 17, including any information regarding the specified agreements entered into between WSGP, Trinity, and/or PetroQuest. To the extent Defendants are relying on documents to answer Interrogatory No. 17, they should identify with specificity those documents that are responsive. Moreover, as previously outlined herein, Defendants should produce any information and/or documents they possess that are responsive to Interrogatory No. 17, or they should affirmatively state that no such documents exist or that they do not have the information.

2.   Verification of Interrogatories

Plaintiff contends that WSGP has failed to provide a verification for any of its interrogatory answers provided in response to his discovery requests. Trinity only verified certain answers, but the remainder were not verified. Defendants respond that to the extent they objected to an interrogatory and did not provide a factual response, they are not required to verify the answer. Moreover, they contend that by producing business records in response to an interrogatory as provided by Fed. R. Civ. P. 33(d), they are not required to provide a verification.

Fed. R. Civ. P. 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." This requirement is applicable to the production of documents in response to interrogatories under

10

Fed. R. Civ. P. 33(d). Thus, to the extent Defendants have not solely objected to an interrogatory, they must verify their responses, even those made pursuant to Fed. R. Civ. P. 33(d).

    3.   Requests for Production

<u>Request for Production No. 1</u>: Produce the Documents to which Plaintiff refers or seeks identification of in Interrogatory Nos. 2-3, 8, 11, 14, 15, and 17.

Regarding Request for Production No. 1, Plaintiff merely seeks production of any documents associated with Defendants' responses to the referenced interrogatories that have not yet been produced by Defendants. As an example, Plaintiff specifically references Interrogatory No. 8, which the Court has determined Defendants should supplement, and Plaintiff requests any documents associated with the interrogatory response. The Court finds that Defendants shall produce to Plaintiff all documents related to the above interrogatory responses that have not already been produced by Defendants as well as those documents associated with any supplemental response required in accordance with this Court's Order.

C.   Privilege Log

Plaintiff contends that to the extent Defendants are withholding responsive information or documents based upon privilege, they are required to provide a privilege log pursuant to LCvR 26.2. Plaintiff maintains that failing to provide a "timely and adequate privilege log" may result in waiver of the privilege.

Defendants respond that they properly asserted privilege objections in response to Plaintiff's discovery requests and intend to produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5) for any discoverable information that is withheld. Plaintiff's reply brief indicates that no privilege log has been provided by Defendants.

For those discovery requests for which Defendants are withholding information or documents based upon privilege, and to the extent they have not done so, Defendants shall provide Plaintiff with a privilege log. The privilege log shall not only comply with the requirements of Fed. R. Civ. P. 26(b)(5), but it must also meet the requirements of LCvR 26.2.

IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Compel Against WSGP & Trinity (Docket Entry #206) is hereby **GRANTED**, to the extent explained herein. Defendants shall supplement their responses to Plaintiff's requests for information and/or documents by AUGUST 16, 2021. After Defendants supplement the information or documents, if deemed necessary by Plaintiff, he may seek appropriate relief from Judge White if any supplemental information and/or documents pertain to his previously filed motion for class certification.

IT IS SO ORDERED this 2nd day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE