**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KEVIN HOOG, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-463-RAW |
| PETROQUEST ENERGY, L.L.C.; WSGP GAS PRODUCING, L.L.C.; and TRINITY OPERATING (USG), L.L.C. | ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Compel Depositions (Docket Entry #210) and Defendants' Motion to Quash and for Protective Order Regarding Notice of Deposition to Lawrence A. Wall, Jr., and Brief in Support (Docket Entry #215). These motions were referred to the undersigned for final determination by presiding United States District Judge Ronald A. White.[1]

---

[1] Plaintiff's Motion to Compel (Docket Entry #210) was also filed regarding the deposition of Jeffrey Palumbo, who was served by subpoena in Florida. Defendants filed Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regarding Subpoena to Jeffrey T. Palumbo and Memorandum in Support in the United States District Court for the Southern District of Florida. That motion was transferred to this Court and referred for final determination to the undersigned. *See Hoog v. PetroQuest, LLC, et al.*, Case No. CIV-21-201-RAW (E.D. Okla.) (Docket Entry #'s 1 & 20). Defendants' motion to quash and for protective order as to Palumbo and the portion of Plaintiff's motion to compel as it relates to Palumbo's deposition are addressed by separate order contemporaneously filed in Case No. CIV-21-201-RAW.

On April 22, 2021, Plaintiff Kevin Hoog ("Plaintiff") served a Notice of Deposition to Defendants' counsel to take the deposition of Lawrence Wall, Jr. ("Wall"), the President of Defendants Trinity Operating (USG), LLC ("Trinity"), and WSGP Gas Producing, LLC ("WSGP"), by Zoom on the morning of May 20, 2021. Defendants' counsel contends that as early as April 26, 2021, and on several occasions thereafter, she notified Plaintiff's counsel that Defendants and Wall were unavailable on May 20, 2021 for the deposition. The parties again conferred regarding Wall's deposition on May 7, 2021. Defendants' counsel objected to the deposition and requested that the notice to Wall be withdrawn, contending that Wall had no first-hand knowledge of day-to-day business operations that were relevant to Plaintiff's claims. Plaintiff's counsel believed that because Wall had signed certain agreements as President of WSGP and Trinity, his testimony was relevant. Defendants' counsel indicated to Plaintiff's counsel her intent to seek relief from the Court regarding Wall's deposition.

On May 18, 2021, Plaintiff's court reporter sent a Zoom link to Defendants' counsel regarding Wall's deposition, which remained scheduled for May 20, 2021. Based upon a review of the emails exchanged between the parties prior to the deposition, it appears Plaintiff's counsel moved forward with the deposition because Defendants did not file a motion to quash/motion for protective order, and Defendants' counsel did not appear because she believed

2

the deposition was postponed because of their unavailability and until after a motion was decided by the Court. On the morning of May 20, 2021, Plaintiff's counsel appeared by Zoom for the noticed deposition of Wall. Defendants did not appear, nor did Defendants' counsel file a motion with the Court prior to the deposition.

On May 25, 2021, Plaintiff filed his Motion to Compel Depositions. In his Motion, Plaintiff requests the Court compel Wall's deposition and order that he be deposed at the U.S. Courthouse in Muskogee, Oklahoma with the undersigned's supervision. On June 1, 2021, Defendants filed a Motion to Quash and for Protective Order Regarding Notice of Deposition to Lawrence A. Wall, Jr., and Brief in Support, requesting the Court quash the notice to take Wall's deposition and enter a protective order prohibiting Plaintiff from noticing Wall for deposition in the future.[2]

Defendants' primary argument is that the Wall deposition notice should be quashed, and a protective order entered prohibiting his deposition, because he is a high-level or "apex" executive who lacks unique personal knowledge about the lawsuit. Attached to Defendants' motion is a declaration from Wall, wherein

---

[2] Although the parties cannot agree whether they met and conferred regarding the motion to compel, the parties agree they did meet and confer regarding the motion to quash and for protective order. For purposes of the Court's order, the motions are so intertwined that the Court determines the "meet and confer" requirement is sufficiently satisfied.

3

he acknowledges he is the President of WSGP and Trinity and the second highest ranking executive of both. He states that although he executed certain agreements on behalf of WSGP and Trinity, he did so in a representative capacity and is not a party to the agreements and has no personal knowledge of the terms of the agreements that are relevant to Plaintiff's lawsuit. He maintains he is not involved in day-to-day operations of WSGP or Trinity and has no personal knowledge of the operation of the oil and gas wells and the payment of oil and gas royalties at issue in the lawsuit. Moreover, other than executing a contract for sale with NextEra Energy Marketing, LLC, in October of 2016, as a representative of Trinity, Wall asserts he is not a party to the agreements and has no personal knowledge of any sales made under the contracts relevant to this lawsuit. *See* Motion to Quash and for Protective Order Regarding Notice of Deposition to Lawrence A. Wall, Jr., pp. 4-6, Ex. 2 (Docket Entry #215).

Plaintiff contends, however, that Wall signed these various agreements on behalf of WSGP and Trinity and is the only person directly involved from their inception to current and relevant dealings. For example, Plaintiff outlines that Wall entered into several contracts/agreements on behalf of WSGP with PetroQuest Energy, L.L.C., beginning in May of 2010 and again in June of 2015. Although without specific citation, Plaintiff asserts that discovery in the case demonstrates that Wall "personally received

4

and signed midstream proposals with midstream service providers on behalf of affiliates of Defendants, executed elections on various oil and gas leases at issue in the case, and executed gas purchase contracts." *See* Plaintiff's Response to Defendant's Motion to Quash and for Protective Order Regarding Notice of Deposition to Lawrence A. Wall, Jr., pp. 3-4 (Docket Entry #222). Plaintiff also points out that Wall not only signed these agreements, but he is the notice recipient under the agreements. *Id.*, p. 4. Plaintiff further contends that the corporate witnesses presented in response to his Rule 30(b)(6) notice do not have knowledge regarding the entire period that Plaintiff views as critical to the issues of his case. Finally, Plaintiff asserts Defendants have failed to show how sitting for a deposition by Zoom would somehow be unduly burdensome to Wall or the Defendants.

A court may enter a protective order forbidding a deposition in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A). The party seeking a protective order must demonstrate good cause for its entry. *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996). Regarding depositions of "apex" or high-ranking company officials, courts may "regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression,

inconvenience, and burden to the corporation and to the executive[.]" *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 518-19 (N.D. Okla. 2003). A court may take into consideration whether the information may be obtained from other witnesses. *See Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995).

Although the Court views this issue as a close call, Plaintiff is entitled to depose Wall regarding agreements he signed that may be pertinent to Plaintiff's case. The Court finds that as the signatory to various agreements at issue, Wall, on behalf of Defendants WSGP and/or Trinity, at least read the agreements and is familiar with their terms. This suggests knowledge that other employees, including those already deposed by Plaintiff, would not have, which in turn could qualify as "unique" knowledge to the extent the agreements bear on Plaintiff's claims. Moreover, part of the basis for the Court's ruling is that such a deposition of Wall will not be unduly burdensome or inconvenient, as the Court declines to require that the deposition be held in Muskogee, Oklahoma, as requested by Plaintiff in the motion to compel. Defendant is correct that the deposition of a corporate representative should be taken at the corporation's principal place of business. The principal place of business for Trinity and WSGP is Houston, Texas, and Wall lives in Harris County, Texas.

Finally, the Court notes the untimely nature of Defendants' motion to quash and for protective order. Even though Defendants'

6

counsel notified Plaintiff that Defendants and Wall were unavailable for the May 20 deposition date and of Defendants' plan to file a motion to quash/motion for protective order, Defendants' counsel never filed a motion prior to the scheduled deposition. The motion to quash/motion for protective order was filed twelve days after the deposition was to take place and seven days after Plaintiff filed his motion to compel. Even though Plaintiff's counsel was aware of Defendants' intention to file a motion to quash/motion for protective order, this Court does not excuse the late filing of Defendants' motion. Defendants have not shown there was no opportunity to file the motion prior to May 20, 2021, the date of the noticed deposition, or that some other acceptable circumstance was present that would excuse the late filing of the motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash and for Protective Order Regarding Notice of Deposition to Lawrence A. Wall, Jr. (Docket Entry #215), is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Depositions (Docket Entry #210) is hereby GRANTED in part and DENIED in part as to Lawrence A. Wall, Jr. Plaintiff is entitled to depose Wall at a mutually agreeable date and time by whatever means agreed upon by the parties, but Wall need only be presented for deposition in Houston, Texas, or at some other agreed upon location. If deemed necessary by Plaintiff, he should seek

appropriate relief from Judge White to the extent Wall's deposition pertains to Plaintiff's previously filed motion for class certification. The parties shall bear their own costs and fees associated with the motions.

IT IS SO ORDERED this 2nd day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE