**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KEVIN HOOG, on behalf of          )
himself and all others            )
similarly situated,               )
                                  )
                Plaintiff,        )
                                  )
v.                                )          Case No. CIV-16-463-RAW
                                  )
PETROQUEST ENERGY, L.L.C.;        )
WSGP GAS PRODUCING, L.L.C.;       )
and TRINITY OPERATING (USG),      )
L.L.C.                            )
                                  )
                Defendants.       )

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to
Compel Compliance with ESI Order, for Sanctions, and for
Appointment of a Special Master (Docket Entry #249) and Defendants'
Motion to Strike Motion to Compel Compliance with ESI Order, for
Sanctions, and for Appointment of a Special Master (Docket Entry
#256). These Motions were referred to the undersigned for final
determination by presiding United States District Judge Ronald A.
White.

On March 25, 2021, Judge White entered an Order Regarding
Discovery Including Production of Electronically Stored
Information (Docket Entry #201) ("ESI Order"), governing not only
the production of ESI between Plaintiff Kevin Hoog ("Plaintiff")
and Defendants Trinity Operating (USG) ("Trinity") and WSGP Gas

Producing, LLC ("WSGP") (collectively referred to as "Defendants"), but also pertaining to the production of hard copy documents. The ESI Order directed the parties to "meet and confer in good faith to discuss the potential production of ESI in this Litigation including custodians and the use of narrowly tailored search terms, date restrictions, and other data filters to reduce the number of Documents for collection, review and production." Docket Entry #201, p. 3, ¶ I(H). The ESI Order included certain deadlines related to the production of ESI, particularly search terms to utilize when searching for responsive email. The parties were to complete the meet and confer process, including the discussion of search terms, by April 17, 2021, and the deadline "for substantial completion of production of responsive non-privileged ESI not otherwise subject to objections resulting from the [m]eet and [c]onfer" was May 17, 2021. *Id.*, p. 4, ¶ I(J). The parties agreed that Defendants would not be required to reproduce information and/or documents in this action that had previously been produced by Defendants in *Philip Lee v. PetroQuest Energy, LLC, et al.*, Case No. CIV-16-516-RAW. *Id.*, p. 1, I(A). Documents were to be produced "on a rolling basis." *Id.*, p. 4, II(A).[1]

---

[1]     As an initial matter, upon review of the parties' filings, including the several email exhibits, it is clear the parties have been debating for months by email and other remote means various discovery matters in the case, including the search terms that the ESI Order required be agreed upon in April of 2021, with the actual production of responsive documents to begin by

The Court addresses the parties' filings and arguments as follows:

1.   Defendants' Motion to Strike

In addition to responding to Plaintiff's Motion to Compel, Defendants filed a separate Motion to Strike. Defendants request that Plaintiff's Motion be stricken because it is based upon a misrepresentation to the Court that Defendants have never produced email responsive to the *Hoog* search terms. Defendants contend that they have provided emails responsive to the search terms.

A review of the parties' emails indicates that on June 21, 2021, Defendants' counsel stated that they expected "the responsive, non-privileged email not otherwise subject to objections that met Defendants' counterproposal in *Lee* to be produced in the next 7 to 10 days. A status update on *Hoog* will be provided." Docket Entry #249-8, pp. 2-3. On July 22, 2021, Defendants responded to a letter from Plaintiff's counsel,

---

mid-May of 2021. While this Court does not condone the long periods of time and often nonresponsive emails from Defendants' counsel in response to attempts by Plaintiff's counsel to discuss search terms and the production of email, this Court likewise cannot condone Plaintiff's waiting until the end of August of 2021 to bring issues with Defendants' compliance to the Court's attention, especially if Plaintiff believed the information was pertinent to his class certification motion. It is also apparent from the email exchanges and the briefing that the parties have approached a level of communication with one another that borders on the unprofessional. This Court expects a high degree of professionalism by counsel not only with the Court but with each other.

indicating they had produced responsive ESI on July 12, 2021,
including email in the *Hoog* matter. <u>Docket Entry #249-11</u>, p. 1.
Defendants assert Trinity produced a flash drive to Plaintiff on
July 9, 2021, which included documents responsive to search terms
in both *Lee* and *Hoog*. The package containing the production was
signed for on July 12, 2021. <u>Defendants' Motion to Strike</u>, pp. 2-
4 (Docket Entry #256); <u>Docket Entry #256-1, #256-2, #256-4</u>.

The attached emails show that Defendants produced documents
responsive primarily in the *Lee* matter (which they were not even
required to do under the ESI Order), and the emails had some
overlap of search terms with *Hoog*. Defendants do not deny there is
additional responsive email to produce in *Hoog*, instead insisting
that because an agreement on terms, custodians, and a date range
was not reached, the deadlines in the ESI Order were not triggered.
Even if Defendants produced some email which overlapped with *Lee*,
this does not warrant striking Plaintiff's Motion in *Hoog*.

Defendants also raise several other issues in their Motion to
Strike, which more appropriately should have been included in their
response to Plaintiff's Motion. Thus, after consideration of
Defendants' Motion to Strike, and based upon this Court's decision
herein, the Court determines the Motion to Strike should be denied.

4

2.   <u>Plaintiff's Motion to Compel, Motion for Sanctions, and
     Request for Appointment of a Special Master</u>

Plaintiff contends Defendants have failed to comply with the

ESI Order, as Defendants never produced email responsive to

Plaintiff's proposed search terms, or even the search terms

proposed by Defendants. Plaintiff seeks an order compelling

Defendants to comply with the ESI Order, and as a sanction for

noncompliance, Plaintiff requests the rejection of Defendants'

limitations on search terms. To decide these issues and oversee

the further discovery of ESI, Plaintiff requests the Court appoint

a special master under Federal Rule of Civil Procedure 53,

suggesting the Court's involvement with determining search terms

could be "time-intensive." Plaintiff suggests a specific

individual to serve as special master, and he contends Defendants

have failed to suggest anyone.

In response to Plaintiff's request, Defendants contend

Plaintiff failed to confer with them about requesting a special

master prior to filing his Motion. Defendants also assert that

earlier in the discovery process, they suggested the parties split

the cost of a special master, and Plaintiff exhibited no interest

in doing so.

Federal Rule of Civil Procedure 53 allows for a court to

appoint a master to "(A) perform duties consented to by the

parties; . . . or (C) address pretrial and posttrial matters that

5

cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53 (a)(1)(A&C). The Rule requires that "[b]efore appointing a master, the court must give the parties notice and an opportunity to be heard[,]" and "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3), (b)(1). "Any party may suggest candidates for appointment[,]" Fed. R. Civ. P. 53(b)(1), but "[a] master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." Fed. R. Civ. P. 53(a)(2).

Although the Court agrees with Defendants that Plaintiff did not confer regarding the request for a court-appointed special master prior to filing his Motion, it appears both parties have considered the option of requesting a special master under Rule 53. Rule 53 allows for a special master to be appointed to "perform duties consented to by the parties[.]" Therefore, based upon Defendants' prior request and Plaintiff's current request, the Court directs the parties to confer and determine whether they agree on the need for a special master to oversee pending and future production of ESI and/or other discovery in the case. If

so, the parties should determine (1) whether they can reach an agreement on an individual for the Court to consider as a special master, (2) whether they can agree to jointly compensate a special master if appointed by the Court, and (3) whether they can agree on a proposed order appointing a special master to include the contents described in Rule 53(b)(2). After conferring on these issues, the parties should jointly file a report to the Court within ten (10) days of the date of this Order, indicating the results of their conference on the above designated issues.

If the parties cannot agree, the Court will address the discovery issues set forth in Plaintiff's Motion. To decide Plaintiff's Motion, however, the Court will need additional information from the parties. For example, although both parties have attached spread sheets of their search term proposals, neither party provided detailed argument regarding the reasons certain search terms, *etc.*, should be included/excluded. Moreover, although Plaintiff explains that he disagrees with the narrowing of the search terms by Defendants, the date range imposed by Defendants, and the exclusion of certain custodians, he provides no specifics on what he proposes. Defendants likewise provide mostly general objections. If necessary, the Court will direct the parties to provide such additional information at a later date.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Motion to Compel Compliance with ESI Order, for Sanctions, and for

Appointment of a Special Master (Docket Entry #256) is hereby **DENIED.** Plaintiff's Motion to Compel Compliance with ESI Order, for Sanctions, and for Appointment of a Special Master (Docket Entry #249) is hereby held in **ABEYANCE,** as the parties have been directed to jointly file a report with the Court within ten (10) days, or by **NOVEMBER 15, 2021,** regarding the possible appointment of a special master in the case. In light of this Court's Order, if deemed necessary by Plaintiff, he may seek appropriate relief from Judge White regarding his previously filed motion for class certification.

IT IS SO ORDERED this 5th day of November, 2021.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE