IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kevin Hoog, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PetroQuest Energy, L.L.C., et al.,<br><br>        Defendants. | Case No. 16-CV-463-KEW |

**ORDER AWARDING PLAINTIFF'S ATTORNEYS' FEES, LITIGATION EXPENSES, ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS, AND CASE CONTRIBUTION AWARD**

  Before the Court is Class Representative's Motion for Approval of Plaintiff's Attorneys' Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Award (Doc. 308) (the "Motion"), wherein Class Representative seeks entry of an Order approving the requests for: 1) Plaintiff's Attorneys' Fees in the amount of forty percent of the Gross Settlement Fund; 2) Litigation Expenses to date in the amount of $592,492.38; 3) Administration, Notice, and Distribution Costs to date in the amount of $20,720.52; 4) a reserve of up to $180,279.48 for future Litigation Expenses and Administration, Notice, and Distribution Costs; and 5) a Case Contribution Award of one percent of the Gross Settlement Fund for service of the Class Representative in prosecuting this Litigation for the Settlement Class. The Court has considered the Motion, all matters and evidence submitted in connection with the Motion, and the proceedings at the Final Fairness Hearing. As set forth more fully below, the Court finds the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement (Doc. 300-1) and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Judgment granting final approval of the class action Settlement as if fully set forth.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. The Notices stated that Class Counsel would seek attorneys' fees up to forty percent of the Gross Settlement Fund ($18,000,000.00), to be paid from the Gross Settlement Fund prior to distribution to Settlement Class Members. Doc. 300-1 at 72, 75. The Notices also stated that Class Counsel would seek reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs in an amount of approximately $800,000.00. *Id.* at 75. The Notices further stated that Class Representative would seek a Case Contribution Award of one percent of the Gross Settlement Fund ($450,000.00). *Id.* at 72, 75. Notice of the requests in the Motion was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the requests is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

5. Class Counsel provided the Court with evidence in support of the requests. This evidence was submitted before the objection deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

6. Class Counsel is hereby awarded Plaintiff's Attorneys' Fees of $18,000,000.00, to be paid from the Gross Settlement Fund. In making this award, the Court makes the following findings of fact and conclusions of law:

    a. The Settlement has created a fund of $45,000,000.00 in cash for payment to the Settlement Class. Settlement Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel.

    b. The Parties here contractually agreed that the Settlement Agreement shall be governed solely by federal common law with respect to certain issues, including the right to and reasonableness of attorneys' fees and reimbursement of expenses.

    c. This choice of law provision should be and is hereby enforced. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) (citing *Restatement (Second) of Conflict of Laws* § 187, cmt. e (Am. Law Inst. 1988)); *see also Williams v. Shearson Lehman Bros.*, 1995 OK CIV APP 154, ¶ 17, 917 P.2d 998, 1002 (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy); *Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1029, n.10 (4th Cir. 1983) ("Parties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity."). This Court has enforced similar language in prior class action settlements. *See, e.g., Reirdon v. Cimarex Energy Co.*, No. CIV-16-445-SPS (E.D. Okla. Jan. 29, 2020); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Doc. 120 at 4-5); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Doc. 105 at 4-5); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Doc. 231 at 5); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Doc. 124 at 4-5).

d. Federal Rule of Civil Procedure 23(h) states "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." An award of attorneys' fees is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and the services provided. *Brown v. Phillips Petroleum Co.*, 838 F.2d 453 (10th Cir. 1988). Such an award will only be reversed for abuse of discretion. *Id.* Here, the requested fees are specifically authorized by law, federal common law, which is specifically authorized by an express agreement of the parties. *See* Doc. 300-1 at 39, ¶ 11.7. Under the Parties' chosen law (federal common law), district courts have discretion to apply either the percentage of the fund method or the lodestar method—but, in the Tenth Circuit, the percentage of the fund method is clearly preferred. *Brown*, 838 F.2d at 454. Further, in the Tenth Circuit, in a percentage of the fund recovery case such as this, where federal common law is used to determine the reasonableness of the attorneys' fee under Rule 23(h), neither a lodestar nor a lodestar cross check is required. *Id.*

e. This Court has acknowledged the Tenth Circuit's preference for the percentage method and rejected application of a lodestar analysis or lodestar cross check. *See, e.g., Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Doc. 120 at 21-24); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Doc. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Doc. 231); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Doc. 124); *Cecil v. BP America Production Co.*, No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Doc. 260). Other Oklahoma federal courts agree. *See, e.g., Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R (W.D. Okla. Oct. 5, 2012) (Doc. 329).

f.  The percentage methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class. *See Brown*, 838 F.2d at 454. When determining attorneys' fees under this method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d at 454-55. Not all of the factors apply in every case, and some deserve more weight than others depending on the facts at issue. *Id.* at 456. Based upon that analysis, the applicable law, and the evidence submitted to the Court, I have concluded that the requested fee of $18,000,000.00 is reasonable.

g.  The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

h.  I find that the eighth *Johnson* factor—the amount involved in the case and the results obtained—weighs heavily in support of the requested fee. *See Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); Fed. R. Civ. P. 23(h), adv. comm. note (explaining for a "percentage" or contingency-based approach to class action fee awards, "results achieved is the basic starting point").

i. Here, the evidence shows that, under the results obtained factor, the fee request is fair and reasonable under the circumstances. The cash settlement of $45,000,000.00 represents a substantial recovery of the amount at issue.

j. Here, the Settlement represents a significant, concrete monetary benefit to the Settlement Class of $45,000,000.00. Unlike cases in which absent class members' recovery is contingent upon their submission of information or some sort of complicated claims process, here, these benefits are guaranteed and automatically bestowed upon the Settlement Class as a result of the Settlement. Accordingly, the "results obtained" factor strongly supports a fee award of $18,000,000.00 to be paid from the up-front cash settlement of $45,000,000.00.

k. I find the other *Johnson* factors also support and weigh strongly in favor of the fee request. First, I find the evidence of the time and labor involved weighs in favor of the fee request. The time and labor Class Counsel have expended in the research, investigation, prosecution, and resolution of this Litigation is set forth in detail in the Joint Class Counsel Declaration (Doc. 307-4). In summary, this evidence proves that Class Counsel investigated and analyzed the Settlement Class's claims, reviewing documents and a large amount of electronically produced data and email, including historical accounting records for Oklahoma owners. Class Counsel spent significant time working with accounting experts in the prosecution and evaluation of the Settlement Class's claims and engaged in a lengthy and complex negotiation process to obtain this outstanding Settlement. The process necessary to achieve this Settlement required years of litigation and months of negotiations and extensive consultation with experts to evaluate and analyze damages.

l. Second, I find that the evidence regarding the novelty and difficulty of the questions presented in this action weighs in favor of the fee request. Class actions are known to be complex and vigorously contested. The Court finds that this case presented novel and difficult issues. The legal and factual issues litigated in this case involved complex and highly technical issues. The claims involved difficult and highly contested issues of Oklahoma oil-and-gas law that are currently being litigated in multiple forums. The successful prosecution and resolution of the Settlement Class's claims required Class Counsel to work with various experts to analyze complex data to support their legal theories and evaluate the amount of alleged damages. I find the fact that Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel and obtained a significant recovery for the Settlement Class further supports the fee request in this case. Moreover, Defendants asserted a number of significant defenses to the Settlement Class's claims that would have to be overcome if the Litigation continued to trial. Thus, the immediacy and certainty of this recovery, when considered against the very real risks of continuing to a difficult trial and possible appeal, weighs in favor of the fee request.

m. I find that the third and ninth *Johnson* factors—the skill required to perform the legal services and the experience, reputation, and ability of the attorneys—supports the fee request. I find the Declarations and other undisputed evidence submitted prove that this Litigation called for Class Counsel's considerable skill and experience in oil-and-gas and complex class action litigation to bring it to such a successful conclusion, requiring investigation and mastery of complex facts, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses. I have presided over other cases where Class Counsel were actively involved. Courts in this district are familiar with the

7

      work of Class Counsel, and I find that these attorneys possess the type of experience, reputation, and ability that supports the fee request.

n.     I find that the evidence regarding the fourth and seventh *Johnson* factors—the preclusion of other employment by Class Counsel and time limitations imposed by the client or circumstances—weighs in favor of the fee request (preclusion of employment) or are neutral (time limitations imposed by the client). The Declarations and other undisputed evidence prove that Class Counsel were necessarily hindered in their work on other cases due to their dedication of time and effort to the prosecution of this Litigation. This case has required the devotion of significant time, energy, and resources from Class Counsel.

o.     I find the evidence regarding the fifth *Johnson* factor—the customary fee and awards in similar cases—further weighs in favor of the fee request. Class Counsel and Class Representative negotiated and agreed to prosecute this case based on a contingent fee up to 40%. I find this fee is consistent with the market rate and is in the range of the "customary fee" in oil-and-gas class actions in Oklahoma state and federal courts.

p.     Federal and state courts in Oklahoma often approve similar fee awards in similar cases. For example, this Court has recently approved a 40% fee in similar statutory interest and royalty underpayment class action cases. *See, e.g., Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Doc. 120); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Doc. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Doc. 231); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Doc. 124); *Reirdon v. Cimarex Energy Co.*, No. CIV-16-445-SPS (E.D. Okla. Jan. 29,

2020). Moreover, I find a 40% fee is consistent with the market rate for high quality legal services in class actions like this.

q. I find the sixth *Johnson* factor—the contingent nature of the fee—also supports the fee request. Class Counsel undertook this Litigation on a purely contingent fee basis (with the amount of any fee being subject to Court approval), assuming a substantial risk that the Litigation would yield no recovery and leave them uncompensated. Courts consistently recognize that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. Simply put, it would not have been economically prudent or feasible if Class Counsel were to pursue the case under any prospect that the Court would award a fee on the basis of normal hourly rates.

r. I find the evidence shows that the tenth *Johnson* factor—the undesirability of the case—weighs in favor of the fee request. Compared to most civil litigation, this Litigation clearly fits the "undesirable" test and no other law firms or plaintiffs have asserted these class claims against Defendants. Few law firms would be willing to risk investing the time, trouble, and expenses necessary to prosecute this Litigation. Further, Defendants have proven themselves to be worthy adversaries. There was no doubt from the beginning that this lawsuit would be a lengthy undertaking—and it was. The investment by Class Counsel of their time, money, and effort, coupled with the attendant potential of no recovery and loss of all the time and expenses advanced by Class Counsel, rendered the case sufficiently undesirable so as to preclude most law firms from taking a case of this nature. And, this Litigation involved a number of uncertain legal and factual issues.

    s.    I find the eleventh *Johnson* factor—the nature and length of the professional relationship with the client—also supports the Fee Request. Class Representative was actively involved in the Litigation. Accordingly, I find this factor supports Class Counsel's fee request.

    t.    In summary, upon consideration of the evidence, pleadings on file, arguments of the parties, and the applicable law, I find that the *Johnson* factors under federal common law weigh strongly in favor of the fee request and that the fee request is fair and reasonable and should be and is hereby approved.

7. With respect to the request for reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, the Court awards: 1) Litigation Expenses to date in the amount of $592,492.38; 2) Administration, Notice, and Distribution Costs to date in the amount of $20,720.52; and 3) a reserve of up to $180,279.48 for future Litigation Expenses and Administration, Notice, and Distribution Costs, subject to Court approval upon motion of Class Representative. In making these awards, the Court makes the following findings of fact and conclusions of law:

    a.    The prior findings of fact and conclusions of law are incorporated herein by reference.

    b.    Class Counsel provided the Court with evidence in support of the requests for reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs. *See* Docs. 307-4, 307-5. This evidence was submitted to the Court before the objection deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

    c.    Applying federal common law, Rule 23(h) of the Federal Rules of Civil Procedure allows courts to reimburse counsel for "non-taxable costs that are authorized by law. Fed. R. Civ. P. 23(h). To this end, district courts have noted, "[a]s with attorneys' fees, an

    attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Vaszlavik v. Storage Corp.*, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000).

  d. I find that the Litigation Expenses were reasonably and necessarily incurred by Class Counsel and are directly related to their prosecution and resolution of the Litigation over the course of many years.

  e. Therefore, Class Counsel is awarded Litigation Expenses to date in the amount of $592,492.38.

  f. Class Counsel's request for approval of Administration, Notice, and Distribution Costs associated with effectuating the Settlement were also reasonably and necessarily incurred and are directly related to the administration of the Settlement.

  g. Therefore, I also approve Administration, Notice, and Distribution Costs to date in the amount of $20,720.52.

  h. Class Counsel has also provided evidence that they anticipate $180,279.48 for future Litigation Expenses and Administration, Notice, and Distribution Costs. I further approve a reserve from the Gross Settlement Fund of $180,279.48 for such future expenses, subject to approval by the Court upon motion of Class Representative.

8. With respect to the request for a Case Contribution Award, the Court awards Class Representative $450,000.00. In making this award, the Court makes the following findings of fact and conclusions of law:

  a. The prior findings of fact and conclusions of law are incorporated herein by reference.

  b. Class Representative provided the Court with evidence in support of his request for a Case Contribution Award. This evidence was submitted to the Court before the objection

        deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

c.    Federal courts regularly give incentive awards to compensate named plaintiffs. *See, e.g., UFCW Local 880-Retail Food v. Newmont Mining Corp.*, 352 Fed. Appx. 232 (10th Cir. 2009) ("Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives...Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class."); *Chieftain Royalty Co. v. Laredo Petroleum, Inc.*, No. 12-cv-1319-D, 2015 WL 2254606, at *4-5 (W.D. Okla. May 13, 2015) ("Case contribution awards are meant to compensate class representatives for their work on behalf of the class, which has benefited from their representation.").

d.    The services for which incentive awards are given typically include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." Newberg § 17:3. The award should be proportional to the contribution of the plaintiff. *Id.* § 17:18.

e.    Class Representative seeks an award of 1% of the Gross Settlement Fund ($450,000.00) based on the demonstrated risk and burden as well as compensation for time and effort. The request is consistent with, and even less than, awards entered in similar cases. *See, e.g., Harris v. Chevron U.S.A., Inc., et al.*, No. 19-CV-355-SPS (E.D. Okla. Feb. 27, 2020) (Doc. 40 at 17) (The class representative's "request for an award of two percent is consistent with awards entered by Oklahoma state and federal courts, as well as federal courts across the country.").

  f. Because Class Representative has dedicated time, attention, and resources to this Litigation and to the recovery of underpaid royalty on behalf of the Settlement Class from Defendants, I find he is entitled to a Case Contribution Award to reflect the important role that he played in representing the interests of the Settlement Class and in achieving the substantial result reflected in the Settlement. The Court finds Class Representative's request for a total award of 1% of the Gross Settlement Fund to be fair and reasonable and supported by the evidence. The Court therefore awards a Case Contribution Award to Class Representative in the amount of $450,000.00.

9. **Finality of this Order.** Any appeal or any challenge affecting this Order shall not disturb or affect the finality of the Judgment or the Settlement.

10. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

11. There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. The Escrow Agent and Settlement Administrator are authorized and ordered to distribute the amounts awarded herein to the persons entitled thereto in accordance with the timelines provided in the Settlement Agreement and in accordance with payment instructions provided by Class Counsel.

13. If any Class Member appeals this Order, such Class Member is hereby ordered, pursuant to the Settlement Agreement (Doc. 300-1) at 35, ¶ 10.4, to which no objection was made, to post a cash bond in an amount to be set by the Court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Settlement Class caused by the delay, at a rate not less than two percent (2%) per annum.

IT IS SO ORDERED this 17th day of April, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE